In the
**UNITED STATES DISTRICT COURT**
for the **SOUTHERN DISTRICT OF INDIANA**,
INDIANAPOLIS DIVISION

| | |
|---|---|
| **PATRICIA L. FORREST**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| *vs*. ) | **CAUSE NO. 1:05-cv-1797-SEB-JMS** |
| ) | |
| **CORRECTIONS CORPORATION OF** ) | |
| **AMERICA**, ) | |
| ) | |
| Defendant. ) | |

**E N T R Y**
1. **Plaintiff's Motion to Reconsider (doc. 60),**
2. **Plaintiff's Request for Extension of Time (doc. 61),**
3. **Defendant's Bill of Costs (doc. 58).**

The Court entered its Order granting Defendant's motion for summary judgment on all claims on January 7, 2008 (docs. 56 and 57). In a letter dated the next day, January 8, 2008, Plaintiff's counsel informed Plaintiff of the Court's decision and counsel's decision to not take any further action on her case. The letter also advised Plaintiff that, if she desired to take an appeal, then she must file a notice of appeal within thirty days of the Court's decision, on or before February 6, 2008. On January 22, 2008, Defendant filed a bill of costs in the amount of two thousand, four hundred, ninety-two dollars and six cents ($2,492.06). On February 6, 2008, Plaintiff filed a *pro se* motion to reconsider the Court's summary judgment and a motion for an extension of time. (The one-sentence motion for extension did not specify the deadline that Plaintiff wanted extended, but her request was stated to be "due to request of Motion to Reconsider" and "retain an attorney qualified in the appeal process," so we assume that she

1

wants an extension of her deadline to file a notice of appeal.) On February 14, 2008, Plaintiff's counsel filed a motion for leave to withdraw on behalf of herself and her firm from further representation of Plaintiff.

## Motion to Reconsider

Because a "motion to reconsider" does not exist as such under the Federal Rules of Civil Procedure, *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 n. 1 (7th Cir. 2001), we must address initially the question of what type of motion Ms. Forrest has filed — one under Fed. R. Civ. P. 59(e) to alter or amend the judgment or under Rule 60(b) for relief from judgment. "[I]t is the substance, rather than the form, of a post-judgment motion that determines the rule under which it should be analyzed." *Obriecht v. Raemisch*, ___ F.3d ___, 2008 WL 465845, *3 (7th Cir., Feb. 22, 2008) ("motions are to be analyzed according to their terms" and "'based on the reasons expressed by the movant'"). We assume that Ms. Forrest intended that her *pro se* motion be one to alter or amend the judgment under Fed. R. Civ. P. 59(e) because it is best characterized as an attempt to assert errors of law or fact and because she neither invokes nor tracks the six factors permitting relief under Rule 60(e). *See Borrero v. City of Chicago*, 456 F.3d 698, 699 (7th Cir. 2006) (analyzing under Rule 59(e) a motion using a synonym such as "motion to reconsider"). However, because her motion was filed more than ten days after entry of judgment, it is by law treated having been filed under Fed. R. Civ. P. 60(b). *Talano*, 273 F.3d at 762.

> Rule 60(b) authorizes a court to grant relief from a judgment on six grounds:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could could not have been discovered in time to

> move for a new trial under Rule 59(b); (3) fraud . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Rule 60(b) relief is "'an extraordinary remedy that is to be granted only in exceptional circumstances,'" *Talano*, 273 F.3d at 762 (quoting *Provident Savings Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995)), and motions "'must be shaped to the specific grounds for modification or reversal found in 60(b) — they cannot be general pleas for relief,'" *id.* (quoting *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).

Ms. Forrest's *pro se* motion has not been tailored to the six grounds for relief in Rule 60(b); instead, it rehashes many of the facts and arguments previously raised, suggests facts not previously submitted (but without submission of evidence in support), and suggests state laws or regulations that might add new significance to existing facts, but which were not raised before. She concludes:

> Plaintiff respectfully request [*sic*] that the court reconsider, due to suppression of evidence and enabling her to receive equal protection under the law. With all due respect the court must allow the State of Indiana to exercise it's [*sic*] statues [*sic*] that protect the Plaintiff. The Plaintiff falls under that jurisdiction. The Indiana Attorney General and the United States Attorney General should be given the opportunity to intervene in this matter. In the best interest in [*sic*] the Plaintiff and future actions this should be heard by the court setting a precedent of equal protection for all under the law. It is imperative that this case go before the court, to determine the pretext issues of discrimination, racial practices, racial intimidation and harassment, racial hostile work environment. The court should [*sic*] given the opportunity to rule on this matter before it, with out [*sic*] prejudice.

(Motion to Reconsider (doc. 60), pp. 3-4). She offers no argument showing that any of the six Rule-60(b) grounds for relief applies and she fails to assert, let alone show, that any new facts or law mentioned or suggested in her motion were unavailable for presentation on the motion for

3

summary judgment. To the extent that she suggests new state-law claims or grounds for relief, she did not plead them. Because she had thus failed to demonstrate any ground for relief from the judgment under Rule 60(b), her motion is denied.

**Motion for extension of time**

Ms. Forrest, acting *pro se*, also seeks an extension of time to file an appeal in her case "due to request of Motion to Reconsider the Summary Judgment . . . and retain an attorney qualified in the appeal process." A notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). If a party files a motion for an extension of time "no later than 30 days after the time prescribed by this Rule 4(a) expires," then a court may grant an extension of time on a showing of good cause or excusable neglect. Fed. R. App. P. 4(a)(5)(A). The extension may be granted on a showing of *either* good cause *or* excusable neglect regardless of whether the motion was filed before or after the original thirty-day time for appeal has expired. Fed. R. App. P. 4 advisory committee's note on 2002 amendment to subdivision (a)(5)(A)(ii) (superseding contrary precedent in this Circuit[1]). The extension may not exceed 30 days after the expiration of the time to appeal or ten days after entry of the order granting the extension, whichever is later. Fed. R. App. P. 4(a)(5)(C).

Judgment in this case was entered, by separate document, on January 7, 2008 (doc. 57). Ms. Forrest's motion for extension of time was filed on February 6, 2008, within the original

---

[1] *Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132, 133 (7th Cir. 1996).

appeal time and the time for moving for an extension of time.[2]  Defendant objected, arguing that, because Ms. Forrest was still represented by counsel when she filed her motion, neither good cause nor excusable neglect exists for granting an extension.  The evidence shows that, on January 8, 2008, one day after entry of judgment, Ms. Forrest's counsel sent a letter to her informing her that neither counsel nor counsel's firm would be taking any further action in the case and advising her of her appellate rights and procedure.  (Motion for Leave to Withdraw Appearance (doc. 64), Attachment).  A motion to withdraw was filed on February 14, 2008 (doc. 64) and was granted (doc. 65).  Withdrawal of counsel has been held to be sufficient grounds for granting an extension of time to file a notice of appeal.  *United States v. Crespo*, Crim. A. No. 87-328-01, *Memorandum*, 1990 WL 63502 (E.D. Penn., May 11, 1990), *affirmed*, 922 F.2d 833 (3rd Cir. 1990) (unpublished); *Griffin v. George B. Buck Consulting Acturaries, Inc.*, 573 F.Supp. 1134, 1136 (S.D. N.Y. 1983).

Defendant further objects that Ms. Forrest had other counsel already familiar with the claims in this case.  According to Defendant, on January 28, 2008, after judgment was entered in this case, Ms. Forrest, by counsel, filed a state-court action against Defendant alleging the same or similar claims of race discrimination that had been asserted (and resolved) in the present case.  However, Defendant failed to submit any evidence concerning the state-court action to permit us to compare the actions.  We must assume, therefore, that some reasonable explanation exists for state counsel's decision not to pursue an appeal in the present case.

---

[2] Having been filed more than ten days after entry of judgment, Ms. Forrest's motion to reconsider did not toll her time to appeal.  *Herzberg v. Indiana*, 429 F.3d 651 (7th Cir. 2005); *Olson v. Wexford Clearing Services Corp.*, 397 F.3d 488, 492 (7th Cir. 2005).

We conclude that the withdrawal of Ms. Forrest's counsel and her *pro se* status suffice s good cause to allow Ms. Forrest an extension of time to file a notice of appeal.  Because sixty days have already passed since judgment was entered on January 7, 2008 — certainly enough time for her to have found new appellate counsel — Ms. Forrest is allowed **ten days after entry of this Order in which to file a notice of appeal**.  Fed. R. App. P. 4(a)(5)(C).  (See the calculation of time provisions in Fed. R. Civ. P. 6(a); Fed. R. App. P. 1(a)(2)).

### Bill of costs

Defendant has filed a bill of costs totalling $2,492.06.  Of this total, $1,857.80 represents court-reporter fees for obtaining one transcript of Ms. Forrest's deposition; an additional $634.26 represents fees for making one copy of documents that Defendant produced and obtained in discovery and two copies of documents used during Ms. Forrest's deposition (one for Ms. Forrest and one for her counsel).  The recoverability of these costs is well-supported by Defendant with citation to authority and the accuracy and reasonableness of the amounts claimed is supported by affidavit and documentary evidence.  Ms. Forrest did not submit a response to Defendant's bill or move for an extension of time to respond.  On the showing made, we find that the claimed costs are accurate, reasonable, and recoverable.  Defendant's motion is granted and the Clerk of Court is directed to tax the costs accordingly.

### Conclusion

Plaintiff's Motion to Reconsider (doc. 60) is **DENIED**.

Plaintiff's Motion for an Extension of Time (doc. 61) is **GRANTED**, allowing her **ten days from the entry of this Order in which to file a notice of appeal**.

Defendant's bill of costs (doc. 58) is **GRANTED**; the Clerk of Court is directed to tax the costs against Plaintiff.

The Clerk shall expedite delivery of this Order to Plaintiff in accordance with her current *pro se* status and the abbreviated appeals deadline provided herein.

**IT IS SO ORDERED:**  03/26/2008

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana


Distribution:

Patricia Forrest (*pro se*)
6015 North Woodside Drive
Indianapolis, Indiana  46228

John T. L. Koenig
BARNES & THORNBURG, LLP
jkoenig@btlaw.com